```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|                              |   |                      |
|------------------------------|---|----------------------|
| **DANNY LEE BANKS,**         | ) |                      |
|                              | ) |                      |
|    Movant,    | ) |                      |
|                              | ) |                      |
| v.                           | ) | 2:16-cv-02275-SHM-dkv |
|                              | ) |                      |
| **UNITED STATES OF AMERICA,**| ) | 2:92-cr-20177-SHM    |
|                              | ) |                      |
|    Respondent.| ) |                      |
|                              | ) |                      |
|                              | ) |                      |

**ORDER DENYING MOTION PURSUANT TO RULE 60(B) RELIEF FROM FINAL JUDGEMENT BASED ON PROCEDURE ERROR AND PRO SE MOTION TO VACATE JUDGEMENT**

Before the Court are Defendant Danny Lee Banks' December 6, 2019 Motion Pursuant to Rule 60(b) Relief From Final Judgement Based on Procedure Error by Danny Banks (the "Motion for Relief") (D.E. No. 35), and his October 23, 2020 pro se Motion to Vacate Judgement (the "Motion to Vacate") (D.E. No. 41). The government has not responded to these motions. The Motions are **DENIED**.

A jury found Banks guilty of knowingly possessing ammunition as a convicted felon. (Cr. D.E. No. 49, 53.) Banks was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA") and subject to sentencing enhancement. (PSR, 4-5.) The Court sentenced Banks to life in prison. (Cr. D.E. No. 71.)

On April 22, 2016, Banks filed a motion to vacate his sentence under 28 U.S.C. § 2255 because the Supreme Court had voided the ACCA's residual clause in Johnson v. United States, 576 U.S. 591 (2015).  (D.E. No. 1.)  On April 25, 2018, the Court denied Banks' motion because his 1987 Tennessee conviction for assault with intent to commit first-degree murder was a violent felony under the ACCA's elements test.  Banks v. United States, No. 16-cv-02275; 2018 WL 195840 at *9-11 (W.D. Tenn. April 25, 2018).  On May 15, 2019, the Sixth Circuit affirmed the Court's judgement.  Banks v. United States, 773 Fed App'x. 814 (6th Cir. 2019).  The court noted that it had held in United States v. Jones, 673 F.3d 497 (6th Cir. 2012), that the Tennessee assault with intent to commit first-degree murder statute fell under the residual clause of the ACCA, but that it had left open whether it fell under the still-valid elements clause.  Banks, 773 Fed. App'x. at 816.  The court decided that the Tennessee statute satisfied the elements test because it was a specific intent crime requiring the intent to commit first-degree murder.  Id. at 821.

On October 15, 2019, the Supreme Court denied Banks' petition for a writ of certiorari.  (D.E. No. 34.)  Banks filed the Motion for Relief on December 6, 2019.  (D.E. No. 35.)  On August 6, 2020, the Sixth Circuit denied Banks' motion to recall

the mandate.  (D.E. No. 38.)  On October 23, 2020, Banks filed his Motion to Vacate.[1]  (D.E. No. 41.)

Banks argues in his Motion for Relief that this Court and the Sixth Circuit have violated his Fifth Amendment Due Process Rights because they did not address whether the Tennessee statute under which he was convicted in 1987 satisfies the ACCA's elements test.  (See D.E. No. 35.)  In his Motion to Vacate, Banks argues that he is entitled to resentencing because he claims that the Sixth Circuit overruled a prior published decision in deciding that his prior conviction satisfied the ACCA's elements clause.  (See D.E. No. 41, 2-3.)

The Court cannot consider Banks' arguments because he asks the Court to overrule or correct the Sixth Circuit's decision.  A district court "certainly lacks authority to overrule, reverse or otherwise 'correct' a decision issued by the circuit court which has the power of appellate review over such district court . . ."  Spindle v. United States Executive Branch, Civil No. 07-4491; 2008 WL 11468220 (D. N.J., May 1, 2008); see also U.S. v. Jefferson, 446 Fed. App'x 553, 554-555 (4th Cir. 2011) (the district court was without authority to adopt Virginia's rules for chain of custody because the 4th Circuit had different

---

[1] In his criminal case, Banks has filed an Emergency Motion to Void the Judgement.  (Cr. D.E. No. 97.)  The Court will address that motion separately.

3

rules, and because a district court does not have the inherit power to circumvent the Federal Rules of Criminal Procedure).

Both of Banks' Motions ask the Court to overrule or correct the Sixth Circuit. Banks' Motion to Vacate expressly asks the Court to do so. This Court is not the appropriate forum to consider whether the Sixth Circuit improperly overruled a prior published decision. Banks' Motion for Relief argues that both this Court and the Sixth Circuit erred, but because the Sixth Circuit decided that Banks' prior assault conviction satisfied the categorical approach and the elements test, Banks, 773 Fed. App'x. at 817-822, the Motion for Relief also asks the Court to overrule or correct the Sixth Circuit. The Court cannot do so.

Banks' Motions are **DENIED**.

SO ORDERED this 18th day of November, 2020.

                              */s/ Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE