**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **DANNY LEE BANKS,** | ) | |
| Movant, | ) | |
| v. | ) | No. 16-cv-2275-SHM |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

On April 25, 2018, the Court entered judgment against movant Danny Lee Banks dismissing his petition for relief under 28 U.S.C. 2255 and denying a certificate of appealability. (D.E. No. 24.) The Sixth Circuit granted a certificate of appealability and permitted Banks to proceed in forma pauperis. (D.E. No. 28.) The Sixth Circuit affirmed the Court's judgment. (D.E. No. 30.)

Banks subsequently filed a Motion for Relief from Judgment (D.E. No. 35) and a Motion to Vacate (D.E. No. 41). On November 18, 2020, the Court denied both motions. (D.E. No. 43.)

Banks appealed that denial to the Sixth Circuit. (D.E. No. 45.) The Sixth Circuit has remanded the case to this Court "for the sole purpose of determining whether to grant or deny a

certificate of appealability, pursuant to Federal Rules of Appellate Procedure 22(b)." (D.E. No. 46.) On April 23, 2021, Banks filed a Motion for a Certificate of Appealability. (D.E. No. 47.)

A movant may not appeal from a 28 U.S.C. § 2255 proceeding unless a certificate of appealability under 28 U.S.C. § 2253(c) has been issued. Fed.R.App.P. 22(b). Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell

v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

For the reasons stated in the Court's November 18, 2020 Order, Banks is not entitled to relief.  He cannot present a question of some substance about which reasonable jurists could differ.  The Court **DENIES** a certificate of Appealability.  Banks' Motion is **DENIED** as moot.

SO ORDERED this 7th day of May, 2021.

*/s/Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE